UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLIFFORD J SCHUETT,<br><br>     Plaintiff,<br><br>  v.<br><br>GOVERNOR OF THE STATE OF WASHINGTON,<br><br>     Defendant. | CASE NO. C14-5634 BHS-JRC<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

  The Court granted plaintiff *in forma pauperis* status and then reviewed the complaint. Plaintiff alleges that he applied for a job as a paralegal with the Washington State Attorney General's Office and that he was denied employment because he is a felon and because he is in a wheelchair (Dkt. 1-1, proposed complaint). Plaintiff names the Governor of Washington State as

the only defendant, but he provides no facts showing that the Governor played any part in his interactions with the Washington State Attorney General's Office (Dkt. 1-1).

The Court finds several defects in the proposed complaint. To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

1    Plaintiff must allege facts showing how defendant caused or personally participated in
2  causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).
3  A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own
4  conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

5    Plaintiff names the Governor of the State of Washington as a defendant, but provides no
6  facts showing that the governor personally participated in any conduct.  Thus, plaintiff fails to
7  state a claim against this defendant.  Furthermore, plaintiff has failed to allege which, if any,
8  constitutional violations have been violated.

9    Accordingly, the Court orders plaintiff to show cause why this action should not be
10  dismissed for failure to state a claim.  In the alternative plaintiff may submit an amended
11  complaint that cure the defects noted above.  Plaintiff's response to this order will be due on or
12  before September 26, 2014.  Failure to respond or to cure the defects in the original complaint
13  will result in a Report and Recommendation that this action be dismissed for failure to state a
14  claim with the dismissal counting as a strike pursuant to 29 U.S.C. 1915(g).

15    Dated this 26th day of August, 2014.

_____
J. Richard Creatura
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3